IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PHILLIP DEWAYNE STEWART,
ADC #151956                                                                                      PLAINTIFF

V.                            CASE NO. 5:16-CV-376-KGB-BD

ESTELLA BLAND                                                                                DEFENDANT

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Discussion**

Phillip Dewayne Stewart, an Arkansas Department of Correction inmate, filed this lawsuit with the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. Stewart also moved for leave to proceed *in forma pauperis* (IFP).  Because of his litigation history, however, he is not eligible to proceed IFP in federal court absent allegations that

he is in imminent danger of serious physical injury.[1]  Because Mr. Stewart did not include any facts indicating that he was in immediate danger, the Court denied his motion for leave to proceed IFP and ordered him to pay the $400.00 filing fee within thirty days of December 21, 2016.  The Court specifically cautioned Mr. Stewart that his claims could be dismissed if he failed to comply with the December 21 Order.  See Local Rule 5.5

To date, Mr. Stewart has failed to comply with the Court's December 21 Order, and the time for doing so has passed.[2]

### III.  Conclusion

The Court recommends that Mr. Stewart's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's December 21, 2016 Order.

DATED, this 24th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The following dismissals constitute "strikes" for purposes of 28 U.S.C. § 1915(g): *Stewart v. Evans*, E.D. Ark. Case No. 5:16cv81 (dismissed March 24, 2016); *Stewart v. Hobbs, et al.*, W.D. Ark. Case No. 6:15cv6023 (dismissed Jan. 26, 2016); *Stewart v. Murphy, et al.*, W.D. Ark. Case No. 6:14cv6077 (dismissed March 11, 2015); and *Stewart v. Hobbs, et al.*, E.D. Ark. Case No. 5:13cv381 (dismissed Jan. 31, 2014).

[2] Mr. Stewart did respond to the Court's December 16 Order by stating that he satisfies the imminent-danger exception to the "three-strikes rule."  Mr. Stewart, however, only includes allegations of past harm in his papers.  (#4)