IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PHILLIP DEWAYNE STEWART,
ADC #151956                                                                              PLAINTIFF
v.                              Case No. 5:16-CV-376-KGB-BD

ESTELLA BLAND                                                                            DEFENDANT

**ORDER**

On December 21, 2016, United States Magistrate Judge Beth Deere entered an Initial Order for Pro Se Prisoner-Plaintiffs (Dkt. No. 3). In the Initial Order, Judge Deere concluded that plaintiff Phillip Dewayne Stewart was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) (*Id.*, at 2). Judge Deere instructed Mr. Stewart to submit the full filing fee within 30 days from the entry of the Initial Order (*Id*). Judge Deere then submitted a Recommended Disposition recommending that this Court dismiss Mr. Stewart's complaint on the grounds that Mr. Stewart has not made the required payment; the Recommended Disposition is now pending before the Court (Dkt. No. 5). Mr. Stewart filed objections to the Recommended Disposition (Dkt. No. 5). After a review of the Recommended Disposition and Mr. Stewart's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety (Dkt. No. 3).

Under the three-strikes provision of the Prisoner Litigation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time if it determines that a prisoner has "on 3 or more prior occasions," while detained, "brought an action or appeal in a court of the United States" that was dismissed, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Stewart has garnered at least four strikes. *See Stewart v. Hobbs, et al.*, No. 5:13-cv-381-JLH (E.D. Ark.) (dismissed on January 31, 2014); *Stewart v. Murphy, et al.*, Case No. 6:14-cv-6077-PKH (W.D. Ark.) (dismissed on March 11, 2015); *Stewart*

*v. Hobbs, et al.*, No. 6:15-cv-6023-PKH (W.D. Ark) (dismissed on January 26, 2016); *Stewart v. Evans*, No. 5:16-cv-81-DPM (E.D. Ark.) (dismissed on March 24, 2016).

The record does not indicate that Mr. Stewart was in imminent danger of serious physical injury at the time he filed his complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Mr. Stewart asserts that medical staff at the Varner Unit failed to provide him with his prescribed pain medication (Dkt. No. 2, at 3). He claims that this deprivation lasted for "18 days." (*Id*.). He claims that, as a result of his prior injuries, which include a bullet wound and concussion, this deprivation caused him severe pain (*Id*.). He also claims to take pain medications due to a foot condition (*Id*., at 6). He also claims that he was deprived of his "doctor prescribed milk of magnesia." (*Id*., at 5). According to Mr. Stewart, these deprivations occurred in July, August, and September 2016 (*Id*., at 3-5). Mr. Stewart's present complaint was filed on December 16, 2016 (Dkt. No. 2). The Court concurs with Judge Deere's conclusion that Mr. Stewart has provided no evidence that he was in danger of serious injury at the time he filed his complaint. Thus, Mr. Stewart's complaint is dismissed without prejudice.

It is therefore ordered that:

1. Mr. Stewart's complaint is dismissed without prejudice (Dkt. No. 2).

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

3. Mr. Stewart's remaining motion is denied as moot (Dkt. No. 9).

It is so ordered this the 21st day of March, 2018.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE